UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS ALAIN NAVARRO PERERA,

      Petitioner,

    v.                          Case No.:  2:25-cv-01054-SPC-NPM

PAMELA BONDI *et al.*,

      Respondents,

_____/

## **ORDER**

Before the Court is Petitioner Luis Alain Navarro Perera's Motion for Clarification of Service Requirements (Doc. 6).  Navarro Perera is detained in the facility known as Alligator Alcatraz, and he filed this habeas action against five federal and state officials through counsel.  The Court conducted a preliminary review of the petition, found it warranted a response, and directed the clerk to send the petition to the Attorney General and the local United States Attorney's Office in accordance with Section 2254 Rule 4.[1]  Petitioner's counsel now asks the Court to clarify whether they must serve the other respondents.

---

[1] The Court applies the rules to this case under Section 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").

The statutes and rules governing habeas actions reflect "that there is generally only one proper respondent to a given prisoner's habeas petition." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).  The petitioner muddied the waters here by naming five officials as respondents.[2]  The Court ordered service under Section 2254 Rule 4, which does not contemplate multiple respondents.  The Court will not take any action to serve the other officials named in the petition.  Nor will it speculate on the potential consequences of the petitioner's litigation strategy in an unbriefed, ex parte opinion. Accordingly, the petitioner's motion (Doc. 6) is **denied**.

  **DONE AND ORDERED** in Fort Myers, Florida on November 24, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1

---

[2] To be sure, some confusion about the proper respondent is reasonable.  The Supreme Court has not yet clarified whether habeas challenges to immigration detention should be directed at the Attorney General or the immediate custodian.  *See Padilla*, 542 U.S. at 435 n.8.