UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS ALAIN NAVARRO PERERA,

    Petitioner,

v.                                     Case No.:  2:25-cv-01054-SPC-NPM

PAMELA BONDI *et al.*,

    Respondents,
_____/

## OPINION AND ORDER

Before the Court are Luis Alain Navarro Perera's Petition for Writ of Habeas Corpus (Doc. 2), the government's response (Doc. 8), and Navarro Perera's reply (Doc. 9).  For the below reasons, the Court grants the petition.

Navarro Perera is a native and citizen of Cuba who entered the United States on October 26, 2023.  The next day, the Department of Homeland Security ("DHS") issued an arrest warrant, detained Navarro Perera, commenced removal proceedings by serving him a Notice to Appear, and released him on his own recognizance.  The removal proceeding—which includes a request for asylum—remains pending, with a master hearing set for June 8, 2027.  Navarro Perera has work authorization and a valid driver's license, he has complied with all reporting requirements, and he has no criminal record.  On November 13, 2025, ICE arrested Navarro Perera and

detained him at the facility known as Alligator Alcatraz without a bond hearing.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Navarro Perera. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Navarro Perera asks the Court to order the respondents to either release him or provide a prompt bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in recent cases that presented the same issues, *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Navarro Perera's detention is governed by § 1226(a), not §

1225(b)(2). As a noncitizen detained under § 1226(a), Navarro Perera has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Accordingly, it is hereby **ORDERED**:

Luis Alain Navarro Perera's Petition for Writ of Habeas Corpus (Doc. 2) is **GRANTED**.

(1)     On of before **December 18, 2025**, the respondents shall either (1) bring Navarro Perera for an individualized bond hearing before an immigration judge or (2) release Navarro Perera under reasonable conditions of supervision. If the respondents release Navarro Perera, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on December 8, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1